IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOGAN ARAMACI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-2088-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as Attorney General of the United States*, et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Dogan Aramaci's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), Respondents'[1] Response in opposition, (Dkt. 7), and Petitioner's Reply, (Dkt. 9).

Respondents contend that Petitioner was previously released from immigration detention on a $6,000 bond and that he was re-detained after his bond was cancelled due to his arrest for "driving while intoxicated with an open container," (Resp., Dkt. 7, at 6). In the interest of fully and accurately assessing the claims in this case, the Court ordered Petitioner to file a reply to Respondents' Response, (Dkt. 7). (Order, Dkt. 8). In his Reply, Petitioner purports that he did not breach his immigration bond, (Reply, Dkt. 9, at 4–8); rather, his release was revoked, and that Respondents did not follow the procedures required by their regulations in re-detaining Petitioner, (*id.* at 8–9).

Accordingly, **IT IS ORDERED** that Respondents file a sur-Reply, **on or before September 4, 2026**. Such filing must specifically address Petitioner's assertion that his immigration bond was revoked, rather than cancelled due to a breach, and whether Respondents followed the

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 7, at 1 n.1).

required procedures in re-detaining Petitioner, as well as any other arguments Respondents wish to raise.

**SIGNED** on September 1, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE