IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOGAN ARAMACI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-2088-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*, et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Dogan Aramaci's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), Respondents'[1] response in opposition, (Dkt. 7), Petitioner's reply, (Dkt. 9), and Respondents' sur-reply, (Dkt. 11).

In their sur-reply, Respondents contend that "'a change of circumstance' is all the justification needed for a bond revocation." (Resp., Dkt. 11, at 4) (citing *Matter of Sugay*, 17 I&N Dec. 637, 640 (1981)). Respondents argue that Petitioner's arrest for Driving While Intoxicated (DWI) would qualify as a change in circumstance. (*Id.*). It is undisputed that Petitioner was arrested, but at this time has not been convicted of DWI. (Dkt. 7, at 6 exh. B). In the interest of fully and accurately assessing the claims in this case, the Court will order Petitioner to file a reply to Respondents' sur-reply. (Dkt. 11).

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 7, at 1 n.1).

**IT IS ORDERED** that Petitioner file a reply to Respondents' sur-reply, (Dkt. 11), **on or before September 28, 2026**. Such reply must specifically address whether Petitioner's arrest for DWI qualifies as a changed circumstance under *Sugay*, as well as any other arguments Petitioner wishes to raise in response to the Respondents' sur-reply.

**SIGNED** on September 21, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE